IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00154-BNB

KENNETH SMITH, SR.,

    Plaintiff,

v.

DENVER, CITY AND COUNTY OF, a municipality,
PUBLIC SERVICE COMPANY OF COLORADO, a Colorado corporation,
MAYOR JOHN HICKENLOOPER,
GERRY WHITMAN, Chief of Denver Police Dept., and Denver Police officers
    individuals,
BRILL, #00036,
BURDETT, #01067,
NUANES, #00109,
J. VINCENT, #01042,
JOHN DOE, Dispatcher,
JANE DOE, Dispatcher, and
CARL TURNER,

    Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff Kenneth Smith, Sr., has filed *pro se* on March 16, 2007, an amended complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution were violated in January 2005 when he was arrested by officers of the Denver, Colorado, Police Department. He seeks money damages as relief.

The Court must construe the amended complaint liberally because Mr. Smith is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint reasonably

can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be the *pro se* litigant's advocate. *See id.* For the reasons stated below, the Court will dismiss two of the named Defendants as parties to this action.

As noted above, Mr. Smith claims that his constitutional rights were violated when he was arrested in January 2005. He primarily claims that the Defendant police officers used excessive force when they arrested him. He also complains that the seizure was unreasonable. Finally, Mr. Smith contends that the unreasonable seizure and excessive use of force resulted from official municipal policies or customs of the City and County of Denver.

The Court first will address the Defendant Mr. Smith identifies as Public Service Company of Colorado. Although Mr. Smith lists this Defendant in the caption of the amended complaint, he does not list this Defendant in the body of the amended complaint. More importantly, Mr. Smith does not assert any claim in the amended complaint against the Defendant identified as Public Service Company of Colorado. Therefore, this Defendant will be dismissed as a party to this action.

Although Mr. Smith does assert a Fourth Amendment claim against Defendant Carl Turner in the amended complaint, Mr. Turner also will be dismissed as a party to this action because Mr. Smith fails to allege facts to demonstrate that Mr. Turner was acting under color of state law. "[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed

rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). The only proper defendants in a § 1983 action are those who "'represent [the state] in some capacity, whether they act in accordance with their authority or misuse it.'" *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988) (quoting *Monroe v. Pape*, 365 U.S. 167, 172 (1961)).

In order to satisfy the under-color-of-state-law element, Mr. Smith must show that he was deprived of a federal right through conduct that is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). In other words,

> the party charged with the deprivation must be a person who may fairly be said to be a state actor . . . because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.

*Id*.

Mr. Smith alleges that Mr. Turner violated his Fourth Amendment rights by making a false report to the police that led to Mr. Smith's arrest. Mr. Smith does not allege any actions by Mr. Turner that are fairly attributable to the state. Therefore, Mr. Turner also will be dismissed as a party to this action.

The Court will not address at this time the merits of Mr. Smith's claims against the remaining Defendants. Instead, this action will be drawn to a district judge and to a magistrate judge. Accordingly, it is

ORDERED that the claims asserted against Defendants Public Service Company of Colorado and Carl Turner are dismissed. It is

FURTHER ORDERED that Defendants Public Service Company of Colorado and Carl Turner are dismissed as parties to this action. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 28 day of March, 2007.

BY THE COURT:

/s/ Zita L. Weinshienk
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-00154-BNB

Kenneth Smith, Sr.
15160 E. 55th Ave.
Denver, CO 80239

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 3/29/07

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk