IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-00154-WDM-BNB

KENNETH SMITH, SR.,

Plaintiff,

v.

DENVER, CITY AND COUNTY OF, a municipality,
BRILL, #00036,
BURDETT, #01067, and
NUANES, #00109,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on **Defendants' Motion to Dismiss for Failure to Prosecute Pursuant to F.R.C.P. 41(b)** [Doc. # 50, filed 6/11/2008] (the "Initial Motion") and **Defendants' Renewed Motion to Dismiss for Failure to Prosecute Pursuant to F.R.C.P. 41(b)** [Doc. # 63, filed 10/03/2008] (the "Renewed Motion"). I respectfully RECOMMEND that the Renewed Motion be GRANTED and the Initial Motion be DENIED AS MOOT.

The facts relevant to these motions are summarized as follows:

1. Counsel for defendants served the plaintiff with written discovery requests on April 7, 2008. *Initial Motion*, ¶ 1.

2. On April 25, 2008, counsel for defendants telephoned the plaintiff and arranged to take his deposition on May 12, 2008. A Notice of Deposition was served on the plaintiff April 25, 2008. *Defendants' Stipulated Motion to Revise Scheduling Order Dates* [Doc. #44], ¶ 3 and

Ex. A.

3. A court reporter and counsel for defendants appeared for the May 12, 2008, deposition, but the plaintiff did not appear. Id. at ¶ 4. The defendants requested and received extensions of the discovery and dispositive motion deadlines so that the plaintiff's deposition could be rescheduled and taken before the deadlines. Id. at ¶ 6; *Minute Order dated May 14, 2008*' Doc. #46]. The deposition was rescheduled for June 3, 2008. *Motion to Compel Pursuant to Fed.R.Civ.P. 37(a)* [Doc. #47], opening paragraph.

4. On May 12, 2008, and again on May 15, 2008, counsel sent the plaintiff correspondence requesting that he provide responses to the written discovery. *Initial Motion*, ¶ 1.

5. On June 3, 2008, the plaintiff appeared for his deposition. Id. at ¶ 3. He repeatedly refused to answer questions. Id. at Ex. A. During the deposition, counsel for defendants advised the plaintiff twice that failure to answer questions generally related to his lawsuit could result in dismissal of the lawsuit. Id. at Ex. A, pp. 8, 21-22. After forty minutes of testimony, the parties took a short recess. Id. at ¶ 3. Following the recess, the plaintiff declined to continue to participate in the deposition. Id.

6. As of June 11, 2008, the plaintiff had not responded to the defendants' written discovery. *Initial Motion*, ¶ 1. The defendants filed a motion to compel the discovery responses, and they filed their Initial Motion to dismiss for failure to prosecute [Docs. #47 and #50, respectively].

7. On July 7, 2008, the plaintiff filed a handwritten response [Doc. #56] to the defendants' Initial Motion. The response states:

> 1. The plaintiff; Kenneth Smith Sr. has a severe back injury that immobilizes me on the left side of my body preventing from writing, walking, I can only lay flat of [sic] my back.
>
> 2. I am under doctors [sic] care[.]
>
> 3. I am receiving disability for this back injury.
>
> 4. This plaintiff submitts [sic] these facts in mitigation of the motion to dismiss by the defendants.

8. On July 18, 2008, I held a hearing on the motion to compel. *Order issued July 19, 2008* [Doc. #59]. The plaintiff appeared in person for the hearing. During the hearing, I ordered the plaintiff to provide his responses to the defendants' written discovery on or before August 15, 2008. In addition, I ordered him to appear at the courthouse for his deposition on September 8, 2008, at 8:30 a.m. On the same day, Courtroom Minutes of the hearing were filed and I issued a written order summarizing my verbal orders.[1] Copies of the minutes and the order were sent to the plaintiff.

9. On July 18, 2008, counsel for defendants sent to the plaintiff another copy of the defendants' written discovery requests. *Renewed Motion*, p. 3.

10. On August 8, 2008, the plaintiff called defendants' counsel and indicated that he was at the courthouse for his deposition. Id. Counsel explained to the plaintiff that his deposition was set for September 8, 2008, and that his discovery responses were due on August 8, 2008. Id. Counsel referred the plaintiff to the Courtroom Minutes. Id. The plaintiff indicated

---

[1] My written order erroneously states that the deposition date is August 8, 2008. However, I stated three times during the hearing that the deposition was set for September 8, 2008, and the Courtroom Minutes state that the plaintiff shall appear for the deposition on September 8, 2008. A copy of both my order and the Courtroom Minutes were sent to the plaintiff at his new address of record.

that he had all the court documents and he would appear on September 8, 2008.  Id.

11. On August 10, 2008, the plaintiff called defendants' counsel and said he was sending his discovery responses by facsimile.  Id.

12. On August 18, 2008, the plaintiff called defendants' counsel and said he could not respond to the written discovery requests due to various medical conditions, and he would file something with the defendants and with the Court.  Id.

13. The plaintiff did not appear for his deposition on September 8, 2008, and he has not responded to the defendants' written discovery.  Id.

14. The defendants filed the Renewed Motion to dismiss for failure to prosecute on October 3, 2008.  The plaintiff was ordered to respond to the Renewed Motion on or before November 17, 2008.  *Minute Order dated October 15, 2008*.  The plaintiff did not file a response to the Renewed Motion.

The defendants seek dismissal of the plaintiff's complaint with prejudice pursuant to Fed.R.Civ.P. 41(b).  Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

The plaintiff has failed to comply with the discovery rules and my orders to provide written discovery, appear for the deposition, and respond to the Renewed Motion.  Therefore, dismiss of the action with prejudice pursuant to Rule 41(b) may be an appropriate sanction. Before recommending dismissal with prejudice, however, I must evaluate the following factors:

4

> (1) the degree of actual prejudice to the [other party]; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction.

Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotations and citations omitted). "[D]ismissal represents an extreme sanction appropriate only in cases of willful misconduct." Id. at 920.

Applying the Ehrenhaus factors, I find that the prejudice to the defendants is substantial. Primarily, the defendants have been precluded due to the plaintiff's misconduct from conducting discovery necessary for them reasonably to defend against the plaintiff's claims. In addition, they have had to incur the expense of filing a motion to compel discovery, two motions to dismiss for failure to prosecute, and several motions to extend the discovery and dispositive motions deadlines--all based on the plaintiff's failure to provide discovery. They attended a hearing, the sole purpose of which was to address the plaintiff's failure to provide discovery, and they have twice incurred the expense for the appearance of a court reporter at the depositions. Moreover, this case has been significantly delayed by the plaintiff's failure to comply with discovery.

The plaintiff's misconduct has interfered with the judicial process. Instead of addressing the merits of this case, I am addressing the plaintiff's failure to provide discovery and his failure to comply with my orders.

The plaintiff is obviously culpable. I provided him with clear and simple directives to provide written discovery responses to the defendants and to attend his deposition. Nevertheless,

the plaintiff, without excuse, failed to do both.

The plaintiff was warned by defendants' counsel during the partial deposition that failure to provide information could result in dismissal of his case. Importantly, he was advised in both of the defendants' motions to dismiss that his failure to prosecute or comply with the rules or a court order could result in dismissal of his case with prejudice under Rule 41(b). Despite these warnings, the plaintiff ignored my order to provide the discovery responses and attend his deposition, and he ignored my order to file a response to the defendants' Renewed Motion to dismiss.

A sanction less than dismissal with prejudice would not be effective. The plaintiff is proceeding *in forma pauperis* [Doc. #5], and a monetary sanction would be ineffective. The plaintiff has ignored the rules of discovery and my orders to provide the defendants with discovery. Moreover, he has ignored my order to respond to the defendant's Renewed Motion to dismiss for failure to prosecute. His conduct demonstrates a lack of respect for the Court and the judicial system. Dismissal with prejudice is the only effective sanction.

I respectfully RECOMMEND that Defendants' Renewed Motion to Dismiss for Failure to Prosecute Pursuant to F.R.C.P. 41(b) [Doc. # 63] be GRANTED and that this action be DISMISSED WITH PREJUDICE pursuant to Rule 41(b), Fed.R.Civ.P.

I further RECOMMEND that Defendants' Motion to Dismiss for Failure to Prosecute Pursuant to F.R.C.P. 41(b) [Doc. # 50] be DENIED AS MOOT.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections

6

waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); <u>Thomas v. Arn</u>, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. <u>In re Key Energy Resources Inc.</u>, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir. 1996).

    Dated December 1, 2008.

                                      BY THE COURT:

                                      <u>s/ Boyd N. Boland</u>
                                      United States Magistrate Judge