IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No. 07-cv-00154-WDM-BNB

KENNETH SMITH, SR.,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER, *et al.*,

    Defendants.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

This matter is before me on a recommendation of Magistrate Judge Boyd N. Boland, issued December 1, 2008 (Docket No. 69) that Defendants' Motion to Dismiss for Failure to Prosecute Pursuant to F.R.C.P. 41(b) (Docket No. 50) (the "Initial Motion") be denied as moot and Defendants' Renewed Motion to Dismiss for Failure to Prosecute Pursuant to F.R.C.P. 41(b) (Docket No. 63) (the "Renewed Motion") be granted. Plaintiff did not file a timely objection to the recommendation and, therefore, generally would not be entitled to *de novo* review of the recommendation. 28 U.S.C. § 636(b); *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462 (10th Cir. 1988). However, Plaintiff responded to the Renewed Motion (Docket No. 72) one day after Magistrate Judge Boland issued his recommendation. Because I must construe Plaintiff's pleadings liberally and hold him to a "less stringent standard" because he is proceeding *pro se*, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se

litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972))), and because the response addresses his failure to prosecute the case, I will construe this response as an objection to the recommendation. I have reviewed the pertinent portions of the record in this case, including the complaint, docket report, motions to dismiss, responses, and recommendation. For the following reasons, I find that the recommendation should be accepted.

## Background[1]

According to Defendants' motion, Plaintiff's actions during the discovery process have been difficult and caused excessive delay in this case. Plaintiff was served with written discovery requests on April 7, 2008, but has failed to answer them despite numerous correspondence from Defendants including written requests for responses on May 12 and May 15, 2008. Defendants originally arranged to take Plaintiff's deposition on May 12, 2008. Plaintiff did not appear for the deposition, calling later in the day to say that he injured his back and, therefore, was unable to attend the deposition. Therefore, Defendants were forced to seek extensions of the discovery and dispositive motions deadlines. (*See* Docket No. 44.)

The deposition was rescheduled to June 3, 2008 and attended by Plaintiff. However, during the deposition, Plaintiff repeatedly refused to answer questions, claiming a "Fourth Amendment right to privacy" and that the questions were irrelevant. Counsel for Defendants explained to Plaintiff that they were permitted to inquire broadly

---

[1] For a full recitation of the facts of this case, see my Order dated March 18, 2008 (Docket No. 43).

as to information related to the lawsuit in order to discover admissible evidence. Counsel also twice warned Plaintiff that his failure to participate in the deposition could result in dismissal of the lawsuit. Plaintiff indicated that he understood that Defendants may filed a motion to dismiss for failure to prosecute if he failed to answer questions but he continued to assert that the questions were irrelevant or intruded upon his constitutional right to privacy. After forty minutes of deposition, with Plaintiff refusing to answer many of Defendants' questions, the parties took a short break. After the break Plaintiff requested that the questions be specifically limited to the January 18, 2005 incident giving rise to his claims. When defense counsel would not agree to so limit the questions, Plaintiff refused to continue the deposition and left without making a record as to his refusal to continue.

On June 11, 2008, Defendants filed the Initial Motion (Docket No. 50) arguing for dismissal based on Plaintiffs failure to provide written discovery or participate in his deposition. Plaintiff responded indicating that a "severe back injury" prevented him from "writing, walking" and that he presented the evidence "in mitigation of the motion to dismiss." (Docket No. 56.) At the same time that Defendants filed the Initial Motion, they also filed a second motion for extension of the discovery and dispositive motions deadlines (Docket No. 49). Finally, Defendants contemporaneously filed a motion to compel (Docket No. 47) requesting that Plaintiff be ordered to immediately answer Defendants' written discovery requests and schedule, appear for, and participate in his deposition. At a hearing on the motion to compel, Magistrate Judge Boland granted in part and denied in part the motion to compel. (*See* Docket No. 61.) Plaintiff was ordered to submit supplemental discovery responses by August 15, 2008 and appear

for his deposition on September 8, 2008 at 8:30 a.m. at the Alfred A. Arraj United States Courthouse.[2]  *Id.*

On Friday, August 8, 2008, Plaintiff called counsel for Defendants and said that he was at the courthouse for his deposition but the courthouse was locked.  Counsel explained that Plaintiff's discovery responses were due prior to his deposition and that, pursuant to Docket No. 61, his deposition was scheduled for September 8, 2008.  Plaintiff indicated that he had all of the court documents and would appear on September 8, 2008 for his deposition.  On August 15, 2008, Plaintiff's deadline for supplemental discovery responses, Plaintiff called counsel for Defendants and indicated that he would be faxing his responses to the written discovery requests that afternoon, but that he may not have all of the information Defendants requested.  Plaintiff did not fax his discovery requests, instead calling counsel on August 18, 2008 to tell him that, due to medical issues, he was unable to respond to Defendant's written discovery requests.  Plaintiff indicated that his failure to respond was not a failure to prosecute and that he would file something with the Court regarding his medical status.  Plaintiff did not file anything with the Court.  Plaintiff failed to appear for his September 8, 2008 deposition.  Thereafter, Defendants filed the Renewed Motion (Docket No. 63).  After Plaintiff failed to timely respond, Magistrate Judge Boland ordered Plaintiff to respond to the Renewed Motion by November 17, 2008.  Plaintiff failed to respond by November 17, 2008.  Plaintiff did, however, file a response to the Renewed Motion on December 1,

---

[2]  The minutes of the hearing before Magistrate Judge Boland state that the deposition was scheduled for September 8, 2008.  (*See* Docket No. 61.)  However, the Order addressing Defendants' motion to compel erroneously states that the deposition is scheduled for August 8, 2008.  (*See* Docket No. 59.)

2008—one day after Magistrate Judge Boland issued his recommendation. (*See* Docket No. 72.) As indicated above, I will construe this as an objection to Magistrate Judge Boland's recommendation and consider the arguments contained therein.

Standard

A district court may dismiss a case for failure to comply with [local rules], the Federal Rules of Civil Procedure, or any court order." D.C.COLO.LCivR 41.1; *see also* Fed. R. Civ. P. 41(b). However, "dismissal or other final disposition of a party's claim 'is a severe sanction reserved for the extreme case, and is only appropriate where a lesser sanction would not serve the ends of the justice.'" *Reed v. Nellcor Puritan Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). Before choosing dismissal as a sanction, a court must consider: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

Discussion

Magistrate Judge Boland recommends that the case be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). In applying the *Ehrenhaus* factors, Magistrate Judge Boland determined that all the factors weighed toward dismissal. First, he determined that Plaintiff's actions had caused substantial prejudice to Defendants because Defendants have been precluded from conducting the discovery necessary to reasonably defend against Plaintiff's claims and have incurred additional expense in attempting to obtain the necessary discovery. Second, he concluded that

5

Plaintiff's conduct has interfered with the judicial process as Magistrate Judge Boland has spent a significant amount of time dealing with Plaintiff's failure to comply with the Court's orders and the discovery deadlines rather than the merits of the case. Third, Magistrate Judge Boland concluded that Plaintiff was culpable. Plaintiff was provided with clear instructions from Magistrate Judge Boland regarding his discovery responses and deposition. Despite these instructions, Plaintiff failed to submit his written discovery responses or appear for his September 8, 2008 deposition. Fourth, Magistrate Judge Boland noted that Plaintiff was warned of the possibility of dismissal for failure to prosecute by defense counsel during his June 3, 2008 deposition and in the motions to dismiss filed by Defendants.[3] Finally, Magistrate Judge Boland concluded that although dismissal is a severe sanction, any lesser sanction would be ineffective. Because Plaintiff is proceeding *in forma pauperis*, a monetary sanction would be ineffective. Furthermore, Magistrate Judge Boland noted that Plaintiff has expressly disregarded not only the discovery deadlines but express orders from the Court regarding discovery and responding to the Renewed Motion. Therefore, Magistrate Judge Boland concluded that dismissal was the appropriate sanction.

I have reviewed Magistrate Judge Boland's recommendation and discern no error in either the legal authority or the analysis. However, Plaintiff attempts to explain his failure to prosecute in his response to the Renewed Motion. (*See* Docket No. 72.) The response states that Plaintiff has been "unable to prosecute and attend scheduled

---

[3] Although Magistrate Judge Boland did not so state in his recommendation, Defendants argue in the Renewed Motion that Magistrate Judge Boland warned Plaintiff of the possibility of dismissal for failure to prosecute during the hearing on the motion to compel.

6

hearing" because of his medical conditions.  *Id.*  Plaintiff argues that he contacted both the court's clerk and counsel for Defendants during the week of August 15, 2008 regarding his illness.  *Id.*  He alleges that his diabetes was "out of control" during the week of August 15, 2008 and that he is also being treated for "severe back pain" that forces him to "lay down on the right side of [his] body until the spasms stop" such that he is unable to sit long enough to "effect [his] motions."  *Id.*  As support, Plaintiff submits a Discharge Summary from the Weld County North Jail Complex indicating the medications that Plaintiff was prescribed by the facility physician.  *Id.*  The Discharge Summary is dated November 19, 2008.  *Id.*

     I conclude that Plaintiff's allegations regarding his medical conditions do not cause the imposition of dismissal as a sanction to be any less appropriate.  Plaintiff's allegations do not alter Magistrate Judge Boland's analysis of the first, second, third, or fifth *Ehrenhaus* factors.  With respect to the fourth *Ehrenhaus* factor, Plaintiff's culpability, I conclude that even with his apparently debilitating medical conditions, Plaintiff is still culpable for the excessive delay in this case.  There is no indication that Plaintiff's medical conditions have prevented him from prosecuting this case during the entirety of the discovery process.  Plaintiff's dilatory actions began well before he alleges he was rendered unable to comply with the discovery deadlines by medical conditions.  Indeed, in April and May 2008 he failed to timely respond to Defendants' written discovery requests or attend a deposition and in June 2008 he refused to meaningfully participate in his rescheduled deposition.  Furthermore, although Plaintiff was able to respond to the Renewed Motion, albeit after the deadline for response, he has still failed to respond to the written discovery, attend a deposition, or even seek to

reschedule his missed September 2008 deposition. Finally, I note that Plaintiff has been less than diligent in informing the Defendants or the Court regarding any problems he has had in complying with the discovery deadlines or attending his depositions due to his medical conditions, opting instead to simply fail to comply or attend. Therefore, I conclude that all of the *Ehrenhaus* factors, including Plaintiff's culpability, continue to weigh in favor of dismissal as a sanction, even given Plaintiff's medical conditions.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Boyd N. Boland (Docket No. 69) is accepted.

2. Defendants' Motion to Dismiss for Failure to Prosecute Pursuant to F.R.C.P. 41(b) (Docket No. 50) is denied as moot.

3. Defendants's Renewed Motion to Dismiss for Failure to Prosecute Pursuant to F.R.C.P. 41(b) (Docket No. 63) is granted.

4. This case is dismissed with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

DATED at Denver, Colorado, on February 26, 2009.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge